## LEWIS DOWNS v. THE TOWN OF HUNTINGTON.

A statute authorizing a land owner whose land had been taken for a highway to appeal to the Superior Court from the assessment of his damages and have the damages re-assessed by a jury, was repealed, with the following saving clause in the repealing act :—" This act shall not affect the validity of any layout of any public highway heretofore made under existing laws." At the time of the repeal a re-assessment of damages by a jury upon the appeal of a land owner had just been made under the order of the court, but had not been returned to and accepted by the court. Held that the validity of the re-assessment was not affected by the repeal.

MOTION IN ERROR from the judgment of the Superior Court (*Minor, J.*) sustaining a remonstrance of the respondents against the acceptance of a re-assessment of highway damages by a jury, and dismissing an appeal for such re-assessment. The case is fully stated in the opinion.

*Seeley*, for the plaintiff in error.

*Beardsley*, for the defendants in error.

CARPENTER, J.   The selectmen of Huntington laid out a highway across the petitioner's land on the 27th day of November, 1867.

· Damages and benefits were duly assessed to the petitioner; but the assessment not being satisfactory, he applied to the Superior Court for a jury.   Upon this application such proceedings were had that a jury was summoned, and damages and benefits re-assessed to the petitioner on the 30th day of April, 1868.   A report of their doings was made to the next term of the Superior Court.   In the meantime that part of the statute providing for a jury to re-assess damages was repealed, and the present law enacted.

The respondents remonstrated against the acceptance of the report of the jury, not for any error or misconduct in their proceedings, but on the ground that the statute under which they acted had been repealed.   The Superior Court adjudged the remonstrance to be sufficient, and erased the case from the docket.   This order is claimed to be erroneous, and to reverse it the record is brought before this court by motion in error.

It will be observed that the statute authorizing towns to lay out highways, and take the necessary land for that purpose, is not repealed; nor is the general jurisdiction of the Superior Court over the subject matter of damages and benefits taken away.   In one or both of these respects the case before us differs from the cases cited in the argument.   The validity of the highway, as laid out by the selectmen, was unaffected by the repealing act.   Before that act was passed the jurisdiction of the Superior Court had attached in respect to the matter of damages.   The petitioner, without any apprehension that the proceedings would be rendered nugatory by act of the legislature, had incurred the expense and hazard of a trial, under the then existing laws, and had obtained a favorable verdict.   When the repealing act took effect nothing

remained to be done to secure to him the fruits of that verdict but the formal act of acceptance. . It is true the right to remonstrate for improper conduct remained ; but no such remonstrance has been filed, and it is now to be presumed that no cause for such remonstrance exists.

If it be conceded that the petitioner has not a vested right in the damages given by this verdict, still we think he has strong equities, and that the proceedings ought to be held valid if they can be without controvening the manifest intention of the legislature. Before therefore we construe the act in questi on as ousting the Superior Court of its jurisdiction over this case, and invalidating its proceedings therein, we ought to be clearly satisfied that the legislature intended such a result.

The statute contains a saving clause, as follows : " But this act shall not affect the validity of any lay-out, opening or alteration of any public highway, or private way, heretofore made under existing laws." For the purpose of saving this verdict we should, if necessary, give this language the most liberal interpretation. But it is not necessary to give it any new or unusual meaning. The words " lay out, " " laying out, " and " laid out, " as found in our statutes relating to highways, are not used in any technical or arbitrary sense, but the meaning thereof varies according to the connection in which they are used. They are used in no less than three different senses in the 23d section of the act relating to highways, (Gen. Statutes, p. 496.) 1. The selectmen are required to give notice to the owners of land through which the way is to be laid, to be present, if they see cause, at the *laying out* of such way. Here the term simply denotes the act of locating the way, and has no reference to subsequent proceedings. 2. The next clause provides that "the damages done to such owners by *laying out* the same shall be paid, &c." Here it manifestly includes not only the survey of the way in the first instance, but all the subsequent proceedings, including the making of the road and opening it for public travel. 3. The last clause provides that no highway or private way " shall be opened or occupied until the expiration

of twelve months after the *laying out* of such way shall be accepted by the town." In this clause the term signifies all the proceedings prior to the acceptance by the town, including the appraisal or estimate of damages.

And in the 29th section the words "*lay out*" are held to mean, not only the initiatory act of the selectmen, but the action of the town in accepting their doings.    *Wolcott* v. *Pond*, 19 Conn., 597.

A very brief consideration of the subject matter, and of the connection in which the words are used in the statute of 1868, will leave us at no loss to determine in what sense the legislature intended that the term should be understood.

Suppose the saving clause had been omitted altogether. It would not have been contended that the act would affect any case where the proceedings were closed and the road opened, or where nothing remained to be done but to open it. In such cases the parties would have vested rights which could not be disturbed by legislation. It cannot be presumed, therefore, that it was intended to apply to that class of cases. On the other hand, it will not be claimed that the saving clause prevents the statute from attaching to cases where the selectmen had surveyed and located the way merely, when the act took effect, but had taken no steps to ascertain the damages. In such cases it seems to us quite clear that the damages should be estimated in the mode pointed out by the new act, and that the saving clause was not intended to apply to them. The only remaining cases to which it can apply are cases in which proceedings for assessing damages and benefits were pending at the time of the passage of the act. This case is of that character. And we think the legislature intended, by the use of the term "lay out," to bring this class of cases within the exception. In this way we can give effect to the words of the statute and do substantial justice to the parties. The validity of the proceedings, therefore, remains unaffected by the act in question.

The judgment of the Superior Court, in holding otherwise, is erroneous, and must be reversed.

In this opinion the other judges concurred.