Town of Woodbridge *v.* George R. Merwin et al.

Superior Court     New Haven County     File No. 113612
AT New Haven

Memorandum filed January 24, 1968

*William J. Cousins,* of New Haven, for the plaintiff.

*David E. FitzGerald, Jr.,* of New Haven, for the defendants.

Pastore, J. This is a petition by the selectmen of the town of Woodbridge to the Superior Court for the appointment of a committee to assess the benefits and damages accruing by reason of the town of Woodbridge, acting by its selectmen, taking land in the "layout, opening and alteration" of Woodfield Road, an existing public highway in the town. The board of selectmen, acting under General Statutes § 13a-61, has purported to take certain land of George R. and Valerie H. Merwin abutting the road. Defendants have demurred on the ground that (1) it is not alleged that this was a "necessary highway" and (2) the petition shows Woodfield Road to be an existing highway and the selectmen are not author-

ized to take land for the "alteration, widening or improvement" of an existing highway.

In argument upon the demurrer, counsel were not in dispute on the fact that the highway was being widened by the acquisition. The essence of the demurrer is that § 13a-61 empowers the selectmen of a town to take land to "lay out necessary highways therein" but not to take land for the "layout, opening and alteration" of an existing highway. The questions raised are (1) whether under § 13a-61 the selectmen may "alter" an existing highway, by widening it, and (2) whether power to "lay out" a necessary highway comprehends the alteration of an existing one.

In 1963, the legislature undertook a comprehensive revision of the highway laws. Public Acts 1963, Nos. 226, 570 (No. 570 amended No. 226 §§ 61 and 62, now General Statutes §§ 13a-61 and 13a-62). In § 13a-61 the selectmen of a town are authorized to "lay out" necessary highways. At the same session, the legislature authorized the state highway commissioner, with respect to state highways, to take land necessary for the "layout, alteration, extension, widening, change of grade or improvement of any state highway." Public Acts 1963, No. 226 § 73 (a) (as amended, General Statutes § 13a-73 [b]). At the same session, the legislature passed General Statutes § 13a-84 (Public Acts 1963, No. 226 § 84), providing for an application by the selectmen to a "judge of the superior court" if the selectmen of any town and any person interested in the "layout, opening, grading or alteration of any highway" could not agree as to the damages or benefits.

Ordinarily, the authority to condemn is to be strictly construed in favor of the owner and against the condemnor, and such authority must be strictly

pursued. The statute, however, should be enforced in such a way as to effectuate the purpose for which it is enacted. *West Hartford* v. *Talcott,* 138 Conn. 82, 90. A fundamental rule of construction of statutes is to ascertain and give effect to the express intention of the legislature. *State ex rel. Ryan* v. *Bailey,* 133 Conn. 40, 45. The question is never what the legislature actually intends but what intention it has expressed. *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438. It is elementary that "statutes should be construed so that no part of a legislative enactment is to be treated as insignificant and unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase in a legislative enactment." *Charlton Press, Inc.* v. *Sullivan,* 153 Conn. 103, 109.

The parties have not called to the attention of the court any preceding legislative history relevant to the legislative intention of the pertinent statutes connected with the instant question. A consideration of the express language of the three sections mentioned above, in the light of chapter 238 of the General Statutes (Highway Construction and Maintenance), discloses a clear legislative intention to grant a more limited authority to the selectmen of a town in condemning land for highway purposes than in the parallel situation involving the state highway commissioner. If the legislature had intended to grant power to the selectmen in § 13a-61 to take land for the alteration (widening) of a highway, it would have so expressed it, as it did in § 13a-73 (b) in relation to the state highway commissioner. From §§ 13a-73 (b) and 13a-84, it is a reasonable construction that the legislature meant to distinguish between a "layout" and an "alteration" of a highway, and that necessarily the latter was not included in the former. The mention of both these terms in each of these statutes shows

they have distinct meanings. Also, if power to "lay out" in § 13a-61 were construed to include power to "alter," there would have been no reason to specify the power to alter a highway in § 13a-73 (b). Such a construction would be rendering the specification in the latter statute of power to alter an existing highway a phrase of no significance.

The "laying out" of a highway has been construed to embrace all the measures for the creation or establishment of the way. *Wolcott* v. *Pond,* 19 Conn. 597, 601. The "laying out" of highways or other variations of this term, from earliest colonial times, has had reference to new highways within a township and between towns. *Canastota Knife Co.* v. *Newington Tramway Co.,* 69 Conn. 146, 165.

A legislative intent to limit the power of selectmen to take land for highway purposes may be found also in a comparison of §§ 13a-37 and 13a-39. In the former, when the state highway commissioner is not able to prove the relocation of boundary lines or limits of state highways which have become lost or uncertain, he may condemn a right-of-way over land "adjoining the traveled portion of the highway" for highway purposes. In § 13a-39, the selectmen are not given a similar power to condemn land to relocate the boundaries or limits of highways in the town which may have become lost or uncertain. The relocation of such lost boundaries is effectuated by the taking of an appeal by any aggrieved adjoining landowner (§ 13a-40) to the Common Pleas Court, whose determination will fix such boundaries.

A further legislative limitation of the power of selectmen is found in § 13a-99, whereby a town, at its annual meeting, may provide for the repair of highways for periods not exceeding five years, and if any town fails to so provide at such meeting, the

selectmen may provide for such repairs for a period "not exceeding one year." The power of selectmen to take land to "alter" a highway is to be distinguished from their powers to repair and maintain highways.

The fact that § 13a-61 is interpreted not to include power to alter an existing highway does not militate against § 13a-84, which provides for the selectmen to appeal to the court to ascertain benefits and damages if the selectmen and any person interested in the "layout . . . or alteration of any highway" cannot agree as to the damages sustained. The authority of the latter statute to selectmen to pay damages in connection with an alteration of a highway could well contemplate that such an alteration was intended by the legislature to be authorized by town meeting action as distinguished from action solely by the selectmen. It is fundamental that the wisdom of a law is for the legislature to determine, not for the courts. *Carroll* v. *Schwartz,* 127 Conn. 126, 130; *Wallingford* v. *Neal,* 108 Conn. 152, 158.

The conclusion of the court is that § 13a-61 does not authorize the selectmen, upon their own judgment alone, to alter a highway already in existence.

In accordance with the foregoing, the demurrer is sustained on the second ground thereof. This view makes unnecessary a determination of its first ground.