IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF OXFORD,

ARGUED AT MAY TERM, 1842.

TRUSTEES OF THE PARSONAGE FUND IN FRYEBURG *versus* EDWARD L. OSGOOD.

At the foot of a promissory note, at the left of the signatures of the promisors, was a memorandum that interest had been paid to a certain day; and below this memorandum, were written these words, "Attest J. S. B.," all being in his handwriting, but the signatures of the promisors. This does not bring the case within the exception of the statute of limitations as a witnessed note.

A payment of interest, indorsed on a note, which payment was made within six years before the commencement of the suit, although for a year's interest which had become due more than six years before that time, is sufficient to take the case out of the operation of the statute of limitations.

ASSUMPSIT upon a promissory note, dated Feb. 18, 1831, for $600,00, signed by J. W. Ripley, since deceased, as prinpal, and by the defendant as surety, payable with interest annually. The writ is dated Jan. 9, 1841. With the general issue, the statute of limitations was pleaded. On the left of the signatures of the promisors were words indicating that interest was paid up to a certain day, and below this memorandum were the words, "Attest, John S. Barrows." Thus far, the whole of the note, excepting the signatures of the promisors, was in the handwriting of Barrows. The original note

was referred to, the plaintiffs contending that the whole written by Barrows, was written with the same pen and ink, and at the same time.   The Court were to inspect it, and to determine whether it was a witnessed note.   On March 16, 1835, Osgood made a payment of the interest due on the note to June 1, 1834, and it was so indorsed on the note by H. C. Buswell, then treasurer of the trustees, to whom the payment was made. The Court were authorized to draw such inferences as a jury might draw, and were to determine whether the action was, or was not, barred by the statute of limitations.

*S. H. Chase,* for the plaintiffs, contended that it appeared by an inspection of the note, that the witnessing was to the whole note and memorandum, and therefore it was a witnessed note within the statute.   It could not have been intended as a mere attestation to the memorandum of payment of interest. If he had intended to sign the memorandum only, he would not have used the word *attest,* that being the word used in all cases of witnessing a paper not under seal.

The indorsement of March 16, 1835, takes the case out of the statute of limitations.   Partial payment, or a payment of interest, is sufficient for that purpose.   Chitty on Con. 647 ; *Hunt* v. *Bridgham,* 2 Pick. 583 ;   *Whitney* v. *Bigelow,* 4 Pick. 112 ; *Sigourney* v. *Drury,* 14 Pick. 391.

But had the payment been made June 1, 1834, it would have been sufficient to have taken the case out of the operation of the statute of limitations.   The note was payable with interest annually.   A new promise to pay the note, was to pay according to its tenure.   The year's interest was to be paid, when it became due, and the six years did not commence running until that time.   The action was commenced within six years of that time.

*Howard,* for the defendant.

This is not a witnessed note.   *Witnessing the memorandum* is not witnessing the note.

The indorsement of the interest due to June 1, 1834, although under date of March 16, 1835, does not take the

Fryeburg Parsonage Fund *v.* Osgood.

case out of the statute of limitations. It admits that the interest was due June 1, 1834, and that it has been paid; but so far as the principal is concerned, it is not an acknowledgment of present indebtedness, nor a promise, express or conditional, to pay any portion of it. *Perley* v. *Little,* 3 Greenl. 97; *Porter* v. *Hill,* 4 Greenl. 42; *Exeter Bank* v. *Sullivan,* 6 N. H. R. 135; *Bell* v. *Morrison,* 1 Pet. 351; *Purdy* v. *Austin,* 3 Wend. 187; *Stafford* v. *Bryan,* ib. 536; *Hancock* v. *Bliss,* 7 Wend. 267; *Clark* v. *Dutcher,* 9 Cow. 676.

Each year's interest was a distinct sum, which could be sued for and collected, independently of the principal of the note; and if it had been collected by suit, it would not have taken the note out of the statute. Being paid without a suit, does not change the principle or effect of such payment. *Doe* v. *Warren,* 7 Greenl. 48; *Greenleaf* v. *Kellogg,* 2 Mass. R. 568; *Tucker* v. *Randall,* ib. 284; *Hastings* v. *Wiswell,* 8 Mass. R. 455.

Payment of the principal does not raise an implied promise to pay interest. *Collyer* v. *Wilcox,* 4 Bing. 315. *A fortiori,* payment of interest does not raise an implied promise to pay the principal.

The opinion of the Court was afterwards prepared by

WHITMAN C. J. — The statute of limitations is relied upon in defence of this action, which is assumpsit upon a note of hand. The note had been due more than six years before the commencement of this suit. The plaintiff contends, that it was a witnessed note, and, therefore, not within the statute. At the left of the signature of the defendant, to the note, a memorandum was placed, acknowledging that the interest on the note had been paid to a certain time. The name of J. S. Barrows, preceded by the word "attest," was placed under the memorandum. We think this does not, unequivocally, show that the attestation was intended to extend to any thing further, than to the correctness of the memorandum. If it had been intended that it should have been an attestation to

the signature it seems reasonable to believe that it would have been placed above the memorandum.

The plaintiff further contends that a payment of interest, indorsed on said note, which was made within six years before the commencement of this suit, although for a year's interest, which had become due more than six years before that time, is sufficient to take the case out of the statute; and it has been so often ruled, that the payment of any part, whether of principal or interest, within six years, has that effect, that we cannot entertain any doubt of the correctness of his position, *Sigourney* v. *Drury*, 14 Pick. 387.

The defendant, however, has cited a case from the 4 Bing. 315, *Collyer* v. *Wilcox & al.* which he thinks establishes an exception to the general rule. The claim set up in that case was for certain deposites, made by the plaintiff for a particular purpose, which had failed of being accomplished, and for the interest thereon. For the principal the defendant brought the money into Court, and there tendered it; but expressly refused to pay the interest; and interposed the statute of limitations as a bar to the plaintiff's right to recover it. It was insisted that the tender of the debt in Court, although more than six years had elapsed since the cause of action accrued, took the case out of the statute as to the interest. But the Court held, as there was an express refusal, at the time of the tender, to pay the interest, a promise to pay it could not be inferred from the tender of the principal. In that case there was no express promise to pay interest. In the case at bar there was originally an express promise to pay interest; and, at the time of paying the interest, there was no declaration, by the defendant, that he did not owe, or that he would not pay the residue of the debt. The defence, therefore, under the statute, is not made out; and the judgment must be for the amount due on the note according to its terms.