## FAIRBANKS *et al. v.* DAWSON *et al.*

A part payment made *before* a contract has expired by limitation, is insufficient to take the case out of the statute.

The object of the statute was to substitute a written contract for that which might be implied from admissions, and to avoid the mischief arising from parol testimony to prove either an express promise, or facts from which a promise would follow as a legal and logical result.

APPEAL from the District Court of the Fifth Judicial District, Tuolumne County.

The statement of facts appears in the opinion of the Court.

*Robinson & Beatty* for Appellants.

The settled doctrine in regard to the Statute of Limitations is, that the debt is not destroyed, but only the remedy is lost if the action is not commenced within the time limited by statute. Chitty on Con., 706–717, and authorities there cited. The pre-existing debt is still a sufficient consideration for a new promise.

The Statute of Limitations only runs from the last promise to pay. That promise may be express or implied.

By the thirty-first section of the Statute of Frauds, the Legislature have required every acknowledgment or promise to be in writing. By the word "promise," is meant "express promise," as contradistinguished from acknowledgment or other acts which would raise an implied promise. The statute does not alter the common law rules of evidence in regard to the proof of the substantive fact of payment. That fact may be proved by any evidence admissible according to the rules and usages of the common law. That fact once proved, the law raises, from the existence of the fact, an implied promise, or a renewal of the contract, which dates from the day of payment. The thirty-first section is, in reality, only a rule of evidence, requiring certain facts to be proved in a certain way, and excludes all other evidence of those facts.

This construction is not only sustained by the language of the act, by analogous reasoning, but it has been so construed by the highest authorities, both in England and America, in adjudicating on similar statutes. Chitty on Contracts, (marginal page,) 718, 719.

The modern doctrine is, that notes payable on demand, with interest, are not due until demanded. The very fact of interest being provided for, shows that the parties contemplated giving and receiving time. How then can the statute commence running before demand? ——— v. White, 10 Eng. Com. L. R., 600; Chitty on Bills, 611.

*Barber* for Respondents.

Our statute differs materially from the English statute. Our statute wholly omits the expression "by words only," and provides that "no acknowledgment or promise" shall be sufficient unless in writing. This, *ex proprio vigore*, excludes all acknowledgments, whether by word or act, unless the evidence thereof is contained in writings signed by the debtor.

For the construction of the English statute, see C——— v. Jones, 6 Eng. Ch., 573 ; 2 Parsons on Con., 357, note.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring. FIELD, J., dissented.

The defendants jointly and severally executed their promissory note to plaintiffs, payable on demand, with interest, and dated April 16, 1853. On the sixth day of October, 1853, Pat-

terson paid the sum of fifty dollars upon the note. Suit was brought upon the note, May 20, 1857, and the defendants pleaded the Statute of Limitations. The Court below held the plea good, and gave judgment for the defendants accordingly, from which judgment the plaintiffs appealed to this Court.

The facts being admitted, the case presents two questions: first, whether a part payment, made *before* the time limited has expired, will take the case out of the statute; and second, whether the part payment made by one joint and several maker will affect the other.

The thirty-first section of our Statute of Limitations provides, that "No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this statute, unless the same be contained in some writing signed by the party to be charged thereby." Is a part payment included within the words "acknowledgment or promise?"

Before the passage of Lord Tenterden's Act, (9 Geo. IV, chap. 14,) a verbal admission of the debt within the time limited by the statute, was held in England to be sufficient to avoid the act. It was said by Tindal, C. J., in Hayden *v.* Williams, (7 Bing., 163, 166,) that the statute "did not intend to make any alteration in the legal construction to be put upon acknowledgments made by defendants, but merely to require a different mode of proof—substituting the certain evidence of a writing, signed by the party chargeable, for the insecure and precarious testimony to be derived from the memory of witnesses."

At an early period after the passage of the English Statute of Limitations, (21 James I, chap. 16,) an impression prevailed, that the statute was not to be favored; and, accordingly, a very slight acknowledgment, proved by as slight testimony, was permitted to overcome the statute. (Parson's Mercantile Law, 233; 10 Barb. S. C., 568.) But the modern cases upon this subject have established the rule, that to take a case out of the operation of the statute, there must have been either an *express promise* to pay, or an admission of the debt in terms so distinct as that a promise might reasonably be inferred therefrom. If, however, the admission was accompanied by qualifying words, then it would not amount to a promise. (Chitty on Con., 712–714.)

The object of our statute was to change a rule of evidence, and now to require *written*, where *verbal* testimony was formerly sufficient. The matter to be proved is the acknowledgment or promise, and the only competent *evidence* is a writing signed by the party to be charged. But whether the acknowledgment or promise, *when proved*, be sufficient to take the case out of the operation of the act, is left to depend upon reason and authority, as it did before. (20 Eng. C. L. R., 82.)

By the first section of Lord Tenterden's act, it is provided that

nothing therein " contained shall alter or take away, or lessen the effect of any *payment* of any principal or interest made by any person whatsoever." (Chitty on Con., 712, *a*.) Under this express proviso, the effect of a part payment remains the same as before the passage of the act. But as no such proviso is found in our Statute of Limitations, the question arises, whether there is any distinction intended between a promise or acknowledgment in express words, and a promise or acknowledgment in act.

It is plain, that the makers of the English statute thought it necessary to put in this special proviso, otherwise the other portion of the act would include a part payment. It will be seen, upon examination, that the language of the act of Parliament and that of our statute, is very similar, showing that our act was copied from the English statute. The language of the British statute is, that " no acknowledgment, or promise by words only, shall be deemed sufficient evidence of a new or continuing contract, whereby to take any case out of the operation of said enactments, * . * * unless such acknowledgment or promise shall be made or contained, by or in some writing, to be signed by the party chargeable thereby."

The difference in the language of the English and California statutes is very slight, while the substance and meaning are the same. The English statute was passed as explanatory of a previous statute, while the section of our statute was but a part of the original act itself. Hence, some slight difference in phraseology was required.

From the fact that the proviso found in Lord Tenterden's act is left out of our statute, it would seem to be clear that the Legislature intended to put all acknowledgments and promises upon the same footing, to be governed by the same rule of evidence. A part payment has always been regarded simply as an acknowledgment of the debt by act, and not by word; but the same effect was given to the act of part payment, as was given to an express acknowledgment of the debt. They were both held to be evidence of a fresh promise. (Chitty on Contracts, 712, 721.) An admission of a party, by word or act, that he owes another a certain debt, is evidence of a promise to pay that debt. The object of the statute was to avoid the mischief arising from parol testimony to prove either an express promise, or facts from which a promise would follow as a legal and logical result.

The true theory of the statute would seem to be this : The acknowledgment or promise is incorporated with the terms of the original contract, and, both taken together, constitute a *new* contract. By the legitimate operation of the statute, the original debt is paid when the time fixed by the act expires. In making the original contract, the parties incorporated into it the terms of the statute, without any express stipulation to that effect. Under the terms of the contract, as controlled by the existing

law, the debt is paid by the failure of the creditor to sue within the time *agreed upon.* But the original debt, being a good moral consideration, is sufficient to support a new contract.

It is unnecessary to examine the other questions.

The judgment of the District Court is affirmed.