SPARKS (PAGAN v.). See Case No. 10,659.

## Case No. 13,211.

### SPARKS et al. v. PICO.

[1 McAll. 497.] [1]

Circuit Court, N. D. California. Jan., 1859.

MORTGAGE—SECURITY FOR NOTE—NOTE BARRED BY STATUTE OF LIMITATIONS.

1. The fact that the note is barred by the statute of limitations, and no action at law can be maintained upon it, does not estop the holder of a mortgage from prosecuting his lien upon the mortgaged premises in a court of equity.

2. The statute of limitations bars the remedy on the note, but does not extinguish the debt.

[Cited in Hickox v. Elliott, 22 Fed. 17; The Holladay Case, 27 Fed. 838.]

The bill is filed in this case [by Sparks and Kelsey] to foreclose a mortgage. A demurrer is made to it, and the ground assigned is,

1 [Reported by Cutler McAllister, Esq.]
22 FED. CAS.—56

that it appears by the bill that the mortgage sought to be foreclosed was given to secure the payment of a promissory note made and executed by defendant more than four years before the filing of the bill, and because it does not appear from said bill, that defendant within said four years promised in writing to pay the said debt or any part thereof.

J. B. Hart, for complainant.

Gregory Yale and A. C. Campbell, for defendant.

McALLISTER, Circuit Judge. The question arising out of these pleadings, is whether the fact that the promissory note cannot be sued on (by reason of being barred by the statute of limitations), estops complainant from enforcing in a court of equity his lien on the mortgaged property. In the case of Fairbanks v. Dawson, 9 Cal. 89, the supreme court of this state have said, speaking of the English statute of limitations and that of this state, that there may be a little difference in their language, but "their substance and meaning are the same." In the English statute the language is, "no action shall be maintained," &c. That of the California statute is, "no action shall be commenced," &c. Both statutes alike bar the remedy, neither renders void or extinguishes the debt, or cause of action. Two early cases in England, that of Draper v. Glassop, 1 Ld. Raym. 153, and an Anon. case in 1 Salk. 278, decided that the statute of limitations destroyed the debt, as well as the remedy; but Parsons, in a note to his treatise on Contracts, says of those two cases, "These decisions have now no authority;" and he refers to several more recent authorities, beginning with Lord Mansfield. He further says in his treatise on Mercantile Law (250): "It is important to remember that the statute of limitations does not avoid or cancel the debt; but only provides that no action shall be maintained upon it, after a given time." "But it does not follow, that no right can be sustained by the debt, although the debt cannot be sued. Thus, if one who holds a common note of hand on which there is a mortgage or pledge of real or personal property, without valid excuse neglects to sue the note for more than six years, he can never bring an action upon it; but his pledge or mortgage is as valid and effectual as it was before, and as far as it goes, his debt is secure; and for the purpose of realizing this security, by foreclosing a mortgage for instance, he may use whatever process is necessary on the note itself."

With a single exception, I can find no case, unless decided under a statute, which sustains the proposition that the deprivation of a right to sue on a promissory note to recover its contents, annuls the right of the holder of that note, if he also holds a mortgage in which the title to real estate was conveyed to him as security, to enforce his lien on that

property in a court of equity. The solitary case to which allusion has been made as the only one which is direct upon the point which has come to the notice of this court and sustains an adverse doctrine, is that of Duty v. Graham, 12 Tex. 427.

The policy of the state of Texas, which seems to control the judiciary of that state, is apparent by reference to the case of Union Bank of Louisiana v. Stafford, 12 How. [53 U. S.] 340. In this last case the supreme court say, "However much it may be the policy of Texas (as it is alleged in the case of Love v. Doak [5 Tex. 343], and Snoddy v. Cage [Id. 106], lately decided in the supreme court of that state) to give a liberal construction to their statute of limitations, in favor of debtors, for the purpose of encouraging immigration, it is abundantly apparent that these sections (of the limitation law) can have no application to a bill in equity to enforce the sale of mortgaged property, whether the slaves in question be considered either as personalty or realty."

The principle enunciated in that case [Union Bank of Louisiana v. Stafford] 12 How. [53 U. S.] 328, is, that the Texas statute of limitations of actions upon contracts, or for the detention of personal property, have no application to a bill in equity, to foreclose a mortgage. Equity does not allow the mortgagor to set up his possession as adverse to the mortgagee.

"In cases (say the court) of concurrent jurisdiction, courts of equity are said to act in obedience to the statute of limitations, and in other cases to act upon the analogy of the limitations of law. A bill to foreclose a mortgage and enforce the sale of mortgaged property, has no analogy to an action of trover, detinue, or trespass. The claim of the mortgage is a 'jus ad rem, not a jus in re.' He does not claim as owner of the property. The possession of the mortgagor is not adverse but under the mortgagee."

Hughes v. Edwards, 9 Wheat. [22 U. S.] 489, was a case on the equity side of the court, in which a decree of foreclosure of mortgage was rendered. That the legal cause of action in that case had been barred by the statute of limitations, is inferable from the observations of Washington, J., who delivered the opinion of the court. He says, "But the use he (the appellant's counsel) endeavors to make of the objection, was to turn the complainants out of a court of equity, and leave them to their legal remedy by ejectment to recover the possession of the granted premises, in which, it was supposed, they might be successfully encountered by the statute of limitations." Id. 494. And it is proper to observe, that in the case at bar, the complainants, if left to their remedy at law, would be utterly remediless; for, by a statute of this state, no action of ejectment can be brought for the recovery of premises conveyed by mortgage. But the supreme court of the United States in above case did not turn the complainants out of court, and in relation to the question of time say, "Whether the defendant could avail himself (in the former case in the action at law) of the act of limitations, whilst the equitable remedy of the plaintiff is subsisting, is a question which need not be decided in the present case, as the parties are now before a court of equity. The effect which length of time may have upon the plaintiff's rights in that court, will be considered under another head." Id. 494.

It is manifest, then, from the two decisions of the supreme court to which reference has been made, that the statute of limitations of this state does not apply to this case, and that considerations in regard to the extent to which the rights of complainants are affected by the efflux of time are to be considered by those rules which control a court of chancery, apart from any estoppel supposed to arise out of the fact that a common-law remedy by action on the note has been barred by the statute of limitations. And here this case might be left; but the principle asserted by the demurrer in this case—that a mortgagee is remediless on his mortgage, because his remedy on the note it was given to secure had been barred by the statute of limitations—is of so great practical importance, that a more minute consideration of the authorities is not inappropriate. In the case of Elkins v. Edwards, 8 Ga. 325, it is expressly decided, that where a mortgage is given to secure a note, and the remedy on the latter is barred by the statute of limitations, and the debt is unpaid, the creditor may avail of his lien; and foreclose his mortgage. And the court gives as the reason for his ability to do so, that he (the creditor) stipulated by contract for two remedies against his debtor to enforce the collection of his demands. These two remedies are totally distinct: the one by an action at law on the note, one of the written evidences of his debt; the other, by a bill in equity to procure a sale of the mortgaged property. In Eastman v. Foster, 8 Metc. [Mass.] 19, it is decided, that a mortgage to indemnify the mortgagee for his liability as surety upon a note of the mortgagor, creates a trust and equitable lien for the holder of the note, subject to which the mortgagee holds the land, though the note be barred by the statute of limitations, &c. The same principle is affirmed in Crain v. Paine, 4 Cush. 483. The court say, "It was argued by defendant's counsel, that the note has been barred by the statute of limitations; but this clearly cannot defeat the plaintiff's title to the mortgage property, so as to bar the present action."

In Joy v. Adams, 26 Me. 330, it is said, "A mortgage security has not been deemed to be within any branch of the statute of limitations. He (the mortgagor) who would avoid such security, must show payment." He has not been allowed to defeat the right of the mortgagee, by showing that the personal security, to which the mortgage security is

collateral, has become barred by the statute of limitations. A similar doctrine is affirmed in the case of Thayer v. Mann, 19 Pick. 535.

The foregoing are the views of the textwriter, Parsons, in his treatises on Contracts and Mercantile Law, the several English decisions referred to in his note, five American state decisions, and two cases from the supreme court of the United States. Opposed to this mass of authority, is the solitary case of Duty v. Graham, 12 Tex. 427. After settling, satisfactorily to itself, that a mortgage is mere security for a debt; that the mortgagor remains the owner of the land, entitled to the possession of it, and the mortgagee cannot maintain trespass to try title to it,—the inference is drawn by the court, contrary to all the foregoing authorities, that where the note, secured by a mortgage, is barred by the statute of limitations, the effect of the statute is not only to prevent a recovery on the note, but destroys the original debt, and all additional evidences in the possession of the creditor; and this all the result of implication. Let us look to the reason of this, so far as this case is concerned. When the creditor advanced his money, he entered into two contracts. By one, he took the personal pledge of the borrower. Not content with this, he required and the borrower agreed, the one to receive and the other to deliver, a solemn, written instrument, under seal, in which the borrower acknowledges the execution and delivery of his written promissory note, and at that time that he is justly indebted to the complainant in the sum of two thousand dollars. The condition annexed to this document is, that if defendant shall pay, or shall cause to be paid, the sum of two thousand dollars, with all interest due, according to the tenor of a promissory note, specially referred to, the mortgage should be void; otherwise to remain in full force and effect. No portion of the two thousand dollars has been paid, and the mortgage is still in force by its very terms.

In Thayer v. Mann, 19 Pick. 535, 537, the court say, "A reference to the condition contained in the mortgage shows, that it is to be and remain in full force, until the debt shall be paid. The debt remains, although the statute may discharge the remedy on the note." 2 Hill. Mortg. 25. The debt is the money due. If the only evidence of its existence is a promissory note, and that is barred by the statute of limitations, the plaintiff is remediless. But if he has secured a lien on property as security, and additional evidence of the debt, he has the right to make it available by a resort to equity. If, pursuing that course, the absence of the note unaccounted for, or other circumstances, raise the presumption of payment of the debt, he must necessarily fail. In this case the nonpayment of any part of the debt is an admitted fact. Whenever the complainant shall attempt to invoke a remedy of which he is deprived by the statute of limitations, he will be encountered by that act; and the question will then arise, in the language of the court in the case of Hughes v. Edwards, 9 Wheat. [22 U. S.] 494. "Whether the defendant could avail himself of the act of limitations, whilst the equitable remedy of the plaintiff is subsisting?" This question need not be decided in this case, as the parties are now before a court of equity.

But there is a fatal defect in the form of the demurrer in this case, which avoids it, independently of all other objections. The ground assigned for the demurrer is, that it appears from the bill that the promissory note to secure which the mortgage was given, was made and executed by the defendant, more than four years before the filing of the bill. The statute of limitations does not run from the date of the note, but from the time the cause of action accrued. But, as an argument was had on all the questions involved, and the court would have permitted an amendment of the demurrer, a decision upon the whole case has been made. An order, overruling the demurrer, must be entered.