## BARRON *v.* KENNEDY.

PART payment has always been held sufficient to take the debt on which it is made out of the statute. Unless accompanied at the time with qualifying declarations or acts on the part of the party making the payment, it is deemed an unequivocal admission of a subsisting contract or liability, from which a jury is justified and bound to infer a new promise. And it matters not whether the payment be either upon the principal or interest of the debt.

The thirty-first section of our Statute of Limitations does not alter this rule as to the *effect* of such payment; it only alters the *mode of proof,* and is directed, principally at least, against the admission of oral acknowledgments and promises.

*Fairbanks* v. *Dawson* (9 Cal. 89) holds that this section of the statute covers an acknowledgment by payment, and requires it to be evidenced by a writing; and this case does not require any departure from the rule there laid down— the payment of interest being by checks, inclosed in letters, stating that the checks were for interest on the debt for certain months.

APPEAL from the Twelfth District.

The facts appear in the opinion of the Court. The complaint was filed Oct. 6th, 1859. The Court below gave plaintiff a decree of foreclosure and for sale of the premises, and application of the proceeds to his debt, but refused any personal judgment against defendant, and made no provision for judgment for any deficiency after sale of the premises. From this refusal portion of the decree plaintiff appeals; and defendant appeals from the portion ordering foreclosure and sale.

*Robert C. & Daniel Rogers,* for Plaintiff.

1. A promise to pay is raised by implication of law from a gen-

eral and unqualified acknowledgment of a present subsisting debt, which the party is liable and willing to pay.  (*Bell* v. *Morrison*, 1 Pet. 362; *Wetzell* v. *Bussard*, 11 Wheat. 309; *Tanner* v. *Smart*, 2 B. & C. 609.)

2. The following language, contained in a letter of the debtor, addressed to his creditor : " I am reluctantly obliged to offer to make you a deed of the property in liquidation of the amount due," is a sufficient acknowledgment to take the case out of the operation of the Statute of Limitations.

3. A part payment on account of either principal or interest, when contained in some writing signed by the party chargeable, is such an acknowledgment as is contemplated by the Statute of Limitations.

4. Where the debt consists of principal and interest, a payment on account of either will take the whole residue of both out of the operation of the statute.  (*Parsonage Fund* v. *Osgood*, 21 Maine, 176 ; *Sandford* v. *Hayes*, 19 Conn. 591 ; *Sigourney* v. *Drury*, 14 Pick. 387 ; *Bradfield* v. *Tupper*, 7 E. L. & E. R. 541.)

5. Part payment of a debt amounts to an acknowledgment of a present subsisting debt; from which, in the absence of any act or declaration on the part of the party making the payment, inconsistent with the idea of a liability to pay, a new promise will be inferred.  (*Whipple* v. *Stevens*, 2 Fost. 219 ; Chitty on Cont. 722 ; 2 Parsons on Cont. 353.)

6. The California Statute of Limitations substituted for acknowledgments and promises by words only, a writing embodying the the same, and signed by the party to be charged, leaving part payment as it was before the act. (*Palmer* v. *Andrews*, 1 McAllister's U. S. C. C. 491.)

7. Assuming that the remedy at law on the note is barred, yet the lien of the mortgage is not lost.  Although the holder of the note has lost his remedy upon it in a Court of law, he is not precluded from foreclosing the lien of the mortgage. (*Sparks et al.* v. *Pico*, 1 McAllister's C. C. 497, and cases therein cited.)

*O. H. Thomas*, for Defendant.

1. The letters of defendant do not contain a sufficient acknowl-

edgment of and promise to pay the debt to take it out of the statute. The letters amount to a mere offer of compromise, by giving up the land for the debt. (*A' Court* v. *'ross*, 3 Bing. 238; *Routledge* v. *Ramsay*, 3 N. & P. 319; *Atwood* v. *Coburn*, 4 N. H. 315; 6 Id. 124; Chitty on Cont. 821–826, and notes; *Bush* v. *Banard*, 8 Johns, 408; *Allen* v. *Webster*, 15 Wend. 287.)

2. Part payment alone is not sufficient to take the case out of the statute. (Chitty on Cont.; *Fairbanks* v. *Dawson*, 9 Cal. 89.)

3. The cause of action did not accrue within four years prior to suit brought, and hence the lien of the mortgage was lost and could not be foreclosed. (Limitation Act of 1850, sec. 19.)

Actions of foreclosure not being specially provided for in the other sections of this act, come within section nineteen. A mortgage with us is not a conveyance of the land, and gives no right of entry; hence the English rule, that as the right of entry continues for twenty years, the right of foreclosure also so continues, has no application. (6 Cal. 134; 9 Id. 426; Id. 365; 12 Texas, 427.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is a suit for the foreclosure of a mortgage executed to Bolton by the defendant to secure the latter's promissory note for $3000. The note bears date on the twenty-first of March, 1854, and is payable twelve months after date, with interest at the rate of three per cent. a month, payable each month in advance. The rate of interest appears to have been subsequently reduced by agreement of the parties to one and a half per cent. a month, and was paid by the defendant up to the first of August, 1859. For the monthly interest of May and June, 1859, checks were inclosed in letters of the defendant to Bolton, Barron & Co., stating that they were for the interest due on the loan for these months; and it is admitted that the loan thus referred to was the amount secured by the mortgage in suit. On the twenty-fourth of August, 1859, the defendant wrote to the mortgagee, stating his entire inability to pay the mortgage, and offering to make a deed of the property in liquidation of the amount due, and that this was the only means he then saw of settling the matter. The plaintiff is the holder of the

note and mortgage by assignment from the mortgagee ; and the questions presented for consideration are : first, whether the payment of the interest upon the note was sufficient to take the case from the operation of the Statute of Limitations, which was set up in the answer ; and second, whether the letter of defendant of the twenty-fourth of August, was a sufficient acknowledgment of the existence of the mortgage, and of his liability thereon, to take the case from the like operation of the statute.

The conclusion to which we have arrived as to the effect of the payment of the interest renders it unnecessary to consider the effect of the letter referred to.   The note, it is to be observed, was four years over due on the twenty-first of March, 1859, and the interest subsequently paid, and for two months was accompanied with the written declaration of the defendant, over his own signature, of the purpose of the payment.

Part payment has always been held sufficient to take the debt, on which it is made, out of the statute.   Unless accompanied at the time with qualifying declarations or acts on the part of the party making the payment, it is deemed an unequivocal admission of a subsisting contract or liability, from which a jury is justified and bound to infer a new promise.   The authorities are uniform to this point.   And it matters not whether the payment be either upon the principal or interest of the debt.   (2 Parsons on Cont. 353 ; *Sigourney* v. *Drury*, 14 Pick. 391 ; *Whipple* v. *Stevens*, 4 Fost. [N. H.] 227 ; *Fryeburgh Parsonage Fund* v. *Osgood*, 21 Maine, 179 ; *Sandford* v. *Hayes*, 19 Conn. 597 ; *Bradfield* v. *Tupper*, 7 Eng. L. & E. R. 541.)   And there is nothing in the thirty-first section of our Statute of Limitations which alters this well settled rule.   That section reads as follows : " No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this statute, unless the same be contained in some writing signed by the party to be charged thereby."   This section does not purport to make any change in the effect of acknowledgments or promises, but simply to alter the mode of their proof ; and is directed, principally at least, against the admission of oral acknowledgments and promises, which constituted a fruitful source of embarrassment in the Courts of other

States. Its chief object was to require that to be evidenced by writing which previously consisted of verbal declarations only ; and in *Fairbanks* v. *Dawson* (9 Cal. 89) this Court held that it also covers an acknowledgment by payment. The counsel of the plaintiff asks us to reconsider this decision, and has presented a strong argument against its correctness. The present case does not, however, require any departure from it. The letters of the defendant inclosing checks for the monthly interests of May and June, 1859, bring the acknowledgment by the payments within the rule there laid down.

The plaintiff is entitled, therefore, upon the pleadings and agreed statement, to the usual judgment and decree in mortgage cases. The Court below made no provision in its decree for any deficiency remaining after the application of the proceeds of the sale of the premises to the payment of the amount due. The cause will be therefore remanded, with directions to the Court below to modify the decree in this particular.