R. B. AND E. M. REED, RESPONDENTS, v. C. H. SMITH, APPELLANT.

LIMITATIONS, STATUTE OF—ACCOUNT STATED.—To take a case out of the statute of limitations on an account stated, the acknowledgment of the debt, or the promise to pay it must be in writing, signed by the party to be charged thereby; and this, whether the original cause of action was or was not barred at the time of the acknowledgment or promise.

IDEM.—The stating of an account is in the nature of a new promise, depending for its validity upon the consideration of the old debt; but the evidence of such promise must be in writing, or the action will be barred by the statute of limitations.

APPEAL from the district court of the second judicial district, Ada county.

*Prickett & Hasbrouck,* for the appellant.

*Huston & Gray,* for the respondents.

HOLLISTER, J., delivered the opinion. WHITSON, J., concurred. NOGGLE, C. J., dissented.

This action was commenced on the second day of April, 1872, in the probate court of Ada county, in which the respondents had judgment, from which an appeal was taken by appellant to the district court of said county, where a judgment was rendered against him for the sum of three hundred and forty-four dollars and fifty-three cents, besides costs. This judgment included the sum of forty dollars and sixty-four cents on account of an interest accruing from the second day of December, 1870, to the second day of April, 1872. The action was upon an account stated.

An answer was put in to the complaint, acknowledging an indebtedness on the part of appellant in the sum of ninety dollars and eighty-one cents; and as to the residue a plea of the statute of limitations was interposed.

It appears from the evidence that in August, 1871, the parties came together, and on an accounting there was found due to the respondents the sum of three hundred and four dollars and eighty-five cents. The account between the parties commenced to run in November, 1869, and con-

tinued until December, 1870, but all except ninety dollars and eighty cents had run over two years before the commencement of the action. There were no mutual accounts between the parties. The only question arising upon this state of facts is, whether, upon a verbal agreement by the debtor to pay the amount ascertained to be due, an action will lie, when the statute of limitations is interposed as a defense.

There is no doubt that at common law a parol admission or acknowledgment of the correctness of an account, and a promise to pay, would be sufficient to take the case out of the operation of the statute, where a suit is brought within the period of its limitation, though the original cause of action was barred by it. Our statute, however, has changed the rule on the subject. It is provided in section 30 of the act defining the time of commencing civil actions (1 Session Laws, 558), as follows: "No acknowledgment or promise shall be sufficient of a new and continuing contract, whereby to take the debt out of the operation of this statute, unless the same be contained in some writing, signed by the party sought to be charged thereby." This, we understand, is a copy of the statute of California, and nearly so, of what is generally called "Lord Tenterden's act," passed by the British parliament in 1829.

The stating of an account is in the nature of a new promise, depending for its validity upon the consideration of the old debt, and this promise, though resting in parol, would be good under the common law. Our statute, though not changing the character of the new undertaking, nor impairing its validity, has required written evidence to support it, when an action is brought upon it. Under the common law it was found that great mischief often resulted from the unsatisfactory nature of the proofs, and the difficulty of arriving at the truth by mere verbal testimony, and to prevent such mischief, and also to guard against fraud and perjury, the statute was enacted. The statute was a statute of repose, and under it the presumption arose that the debt had been paid, and to remove that presumption

nothing short of the written acknowledgment or promise to pay, signed by the party sought to be charged thereby, would answer.

. It has been urged that the law applies only to cases where the statute operates as a bar to an action brought upon the original liability, and that in cases like the present, a parol undertaking to pay is sufficient to remove the bar. In this view we are not prepared to concur. The case of *Weatherwax* v. *Cosumnes Mill Co.*, 17 Cal. 344, clearly supports our position. That was a case where the parties had an accounting before the old debt was barred; and yet it was held that the new undertaking must be in writing to charge the party in an action brought after the statute had barred the original debt. In *Barron* v. *Kennedy*, 17 Cal. 574, and *Fairbanks* v. *Dawson*, 9 Id. 89, it is decided that new promises must be evidenced by writing.

Lord Tenterden's act enacts, that in actions of debt, or upon the case grounded upon any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new and continuing contract, whereby to take any case out of said enactments (the statute of James I. and the Irish act of limitations), or either of them, or to deprive any party of the benefit thereof, unless such acknowledgment or promise shall be made or contained by or in some writing to be signed by the party chargeable thereby." Under this statute it has been decided by the courts in England that the acknowledgment of the debt, or a promise to pay, must be in writing signed by the party sought to be charged thereby. (Ang. on Lim., sec. 274, p. 294.)

The conclusion, therefore, at which we have arrived from these authorities, and the act itself, is that the acknowledgment or promise to pay a debt which would otherwise be barred by the act of limitations must be in writing, signed by the party sought to be charged thereby, whether in cases where the original debt was not barred when the acknowledgment or promise was made, as in those cases where the statute had already run.

The judgment of the district court is reversed and re-

manded, with directions to the district court to enter judgment in favor of respondents for the sum of ninety dollars and eighty-one cents, deducting costs expended by the appellants therefrom.