(May 8, 1893.)

## KELLY v. LEACHMAN.

[33 Pac. 44.]

STATUTES OF LIMITATIONS—EFFECT OF.—The statute of limitations acts upon the remedy, and not upon the debt, and the running of the statute does not extinguish the debt nor impair the lien of the mortgage given to secure the same.

ACKNOWLEDGMENT OF PRE-EXISTING DEBT.—A promise in writing signed by the party to be charged thereby to pay the interest due upon the whole of a pre-existing debt, given by the debtor to the creditor, is an unequivocal acknowledgment of the whole debt, from which a promise to pay the same may, and ought, to be implied.

SAME—PAROL TESTIMONY.—The identity of the sum included in the promissory note with the interest due on the pre-existing debt, and that it was given for such interest, may be proven by parol testimony.

(Syllabus by the court.)

APPEAL from District Court of Nez Perces County.

This is an action to foreclose a mortgage. On the twenty-sixth day of July, A. D. 1883, S. S. Leachman, defendant, gave M. A. Kelly, plaintiff, a deed to certain real estate described therein. This deed was absolute on its face. On the same day the plaintiff, M. A. Kelly, and S. S. Leachman, defendant, entered into an agreement, by the terms of which the said Leachman was permitted to repurchase said land by paying to said Kelly the amount named in said deed as the consideration therefor, with interest thereon at the rate of one and one-half per cent per month, on or before the expiration of thirty months from above date. The said Leachman agreed, further, to pay the said interest, all taxes and assessments, as the same should become due, and in like manner to pay the interest on a certain mortgage, for the sum of $250, made by said Leachman and wife to the Corbin Banking Company, which said mortgage was a lien upon the land described in said deed; to suffer no waste, injury or damage to be committed upon or to said premises—and providing that, if said payments should be made at the time they should become due, the plaintiff would reconvey said land to defendant Leachman. Defendant·

failed to pay according to contract, and plaintiffs brought this suit to foreclose. Complaint, filed July 13, 1892, is in the ordinary form, except the following allegations, which, it is claimed, relieve the action from the operation of the statute of limitations: After setting up the substance of the mortgage, plaintiff alleges "that thereafter, on December 15, 1885, in consideration of the foregoing facts, the defendant acknowledged the continuance of the said mortgage by executing to the plaintiff, M. A. Kelly, his promissory note, due ten months after date, with interest, for the sum of $725.50, including in said sum of $725.50 the sum of $190 as the amount of annual interest then due, as agreed upon by plaintiff, Kelly, and defendant, upon said sum of $1,661.39, the consideration of the said mortgage; that said note is still due and unpaid; that thereafter, on May 14, 1886, defendant again acknowledged the continuance of said mortgage by executing to said plaintiff Kelly his promissory note for $295.52, as and for the amount then due and had been paid by said Kelly on the mortgage executed by said Leachman and wife to the said Corbin Banking Company, as mentioned and described in said mortgage; that said note is due and unpaid; that defendant again, on November 6, 1887, acknowledged the continuance of the said mortgage by executing to the plaintiff, Kelly, his promissory note, due ninety days after date, for the sum of $306, and included in said note the sum of $239.50 as the amount of annual interest then due, as agreed upon between said plaintiff Kelly and defendant, upon the said sum of $1,661.39, before mentioned; that defendant, on October 15, 1889, again acknowledged the continuance of said mortgage by executing his note to plaintiff Kelly, due six months after date, for the sum of $440.75, and included therein $300, annual interest on said mortgage for $1,661.39." On July 22, 1892, defendant demurred to the complaint for misjoinder of parties, and on the ground that the complaint did not state facts sufficient to constitute a cause of action. On February 15, 1893, and before said cause was called for hearing, defendant filed a second demurrer, alleging that the cause of action was barred by the statute of limitations, and that the complaint showed no fact that removed the bar. Plaintiffs moved to strike out the second demurrer, which motion the court

denied, and upon the hearing sustained the demurrer as to the statute of limitations, and, the plaintiffs declining to amend, the cause was dismissed, with costs to defendant. The plaintiffs appeal from the judgment of dismissal.

James W. Reid and Rand & Howe, for Appellants.

There was a demurrer to the complaint filed on July 22, 1892, within the time prescribed for pleading, and without leave of the court or consent of plaintiffs a second demurrer was filed on February 15, 1893, raising the statute of limitations. Plaintiffs moved to strike out the second demurrer, which motion was overruled by the court and plaintiffs excepted. The court overruled the first demurrer but sustained the second, and the plaintiffs declining to amend, there was judgment for the defendants and plaintiffs appeal. The court should not have allowed the second demurrer. (Rev. Stats., secs. 4193, 4194, 4228; *Hedges v. Dam,* 72 Cal. 520, 14 Pac. 133.) A mortgage is simply a security and its lien special. (Rev. Stats., secs. 3350, 3353, 3328.) The lien of a mortgage in Idaho does not cease to exist until foreclosure, release or it becomes stale. (Rev. Stats., secs. 3364, 3365; 15 Am. & Eng. Ency. of Law, 869.) Under section 4052 of the Revised Statutes the lien is not extinguished, the remedy only is barred or suspended. (13 Am. & Eng. Ency. of Law, 690.) As the mortgage sued on had not been foreclosed, released or become stale, section 3351 of the Revised Statutes of Idaho has no application. By the allegations of the complaint it appears that the defendant acknowledged the continuance of the debt and the lien of the mortgage, and restored the suspended remedy. (Rev. Stats., sec. 4078; *Reed v. Smith,* 1 Idaho, 533.) Part payment is an unequivocal acknowledgment of the debt upon which the payment is made. "Part payment is the best of all acknowledgments." (3 Parsons on Contracts, 73; *Barron v. Kennedey,* 17 Cal. 574.) Under the Idaho statute part payment acknowledges the debt, takes the case out of the statute and, if the creditor can show payment or acknowledgment in some writing, his remedy is not barred.

E. O'Neill, for Respondent.

Section 4228 of the Revised Statutes provides "a pleading may be amended once by the party of course . . . . after demurrer, and before the trial of the issue of law thereon, by filing the same as amended, serving copy on the adverse party. A demurrer is a pleading." (Rev. Stats., sec. 4162; *Hedges v. Dam,* 72 Cal. 520, 521, 14 Pac. 133.) Section 4231 of the Revised Statutes: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect." Plaintiff must show that prejudicial error has been committed, not by his own showing that the decision appealed from is right. (Hayne on New Trial and Appeal, sec. 286; Elliott's Appellate Procedure, sec. 292; *Tohler v. Folsom,* 1 Cal. 213; *Smith v. Compton,* 6 Cal. 26.) Plaintiff's action is the foreclosure of the mortgage, evidenced by the deed and defeasance. It is the foreclosure of a certain mortgage. The two papers constitute a mortgage. (*Kelley v. Leachman,* ante, p. 392, 29 Pac. 849.) That mortgage is a contract. (Rev. Stats., sec. 3350.) That contract, unless evidence under the allegations of the complaint can be introduced that will show a new or continuing contract, is barred by section 4052 of the Revised Statutes of Idaho. Section 4078 reads: "No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this title unless the same is contained in some writing signed by the party to be charged thereby." (*Reid v. Smith,* 1 Idaho, 535.) The acknowledgment say the cases must be a direct, unqualified and unconditional admission of the debt, which the party is liable and willing to pay." (Citing *Bell v. Morrison,* 1 Pet. 351; *Sands v. Gelston,* 15 Johns. 511; *Jones v. Moore,* 5 Binn. 573, 6 Am. Dec. 428; *Berghaus v. Calhoun,* 6 Watts, 219; *De Forrest v. Hunt,* 8 Conn. 185; *Russell v. Copp,* 5 N. H. 154; *Harrison v. Handley,* 1 Binn. 443; *Bell v. Rowland,* 1 Hard. 301, 3 Am. Dec. 729; Angell on Limitations, sec. 231, and note.) "When, however, there are several papers which, together make up the memorandum, they will not be sufficient for that purpose, unless they are so connected, either physically or by reference, or internal evidence, that parol evi-

dence is not necessary to establish their connection with the contracts, if all be signed." (*Studds v. Watson,* L. R. 28 Ch. Div. 305.) Revised Statutes of Idaho provide, at section 3351, that a mortgage can be created, renewed or extended only by writings executed with the formalities required in the case of a grant or conveyance of real estate. (Same section, 2 Deering's Codes, sec. 2922. See, also, note, and *Wells v. Harter,* 56 Cal. 342.)

MORGAN, J. (After Stating the Facts.)—The plaintiff assigns two errors: First, the court erred in refusing to strike out the second demurrer. Section 4228 of the Revised Statutes of Idaho provides that any pleading may be amended once by the party, of course, and without costs, at any time before answer or demurrer filed, or after demurrer, and before trial of the issue of law thereon. A demurrer is a pleading, and may be amended. Again, the court had the right to permit a second demurrer to be filed. This demurrer was filed without permission. Having been placed on file, the court could permit it to remain. This matter was entirely within the discretion of the court. (*Hedges v. Dam,* 72 Cal. 520, 14 Pac. 133.)

The second assignment is that "the court erred in sustaining the second demurrer." The deed of conveyance given by Leachman to plaintiff Kelly, together with the agreement by Kelly to reconvey the property described therein, to Leachman, upon payment of the consideration money, with interest, and payment of mortgage given to the Corbin Banking Company, constituted a mortgage. So held by this court in *Kelley v. Leachman,* ante, p. 392, 29 Pac. 849. A mortgage is a lien upon everything that would pass by a grant or conveyance of the property, as between mortgagor and mortgagee, from the date of its execution; as between these parties and third persons without actual notice, from the date of filing said mortgage for record. (Idaho Rev. Stats., sec. 3355.) The lien of a mortgage upon real estate may be discharged in three ways: 1. By an entry in the margin of the record thereof, signed by the mortgagee, acknowledging the satisfaction of the mortgage, etc. (Rev. Stats., sec. 3361.) 2. Or it may be discharged upon the record by the officer having custody

thereof, on the presentation to him of a certificate signed by the mortgagee, or his personal representative or assignee, duly acknowledged, etc. (Rev. Stats., sec. 3362.) 3. By decree of a competent court. The mortgage in controversy in this case has not been discharged in either of these ways, and the lien of the mortgage remains upon the land. Nor is the debt extinguished.

The only question is as to whether the plaintiffs' remedy is barred by the statute of limitations. Statutes of limitations act upon the remedy only, and not upon the debt. (*Waltermire v. Westover,* 14 N. Y. 20; *Lynbuy v. Weightman,* 5 Esp. 198; *Sturges v. Crowninshield,* 4 Wheat. 122; *Wilcox v. Williams,* 5 Nev. 206.) In *Waltermire v. Westover, supra,* the court say: "The nature, effect, and *modus operandi* of statutes of limitations have given rise to much discussion in the courts, and to some conflict of opinion; but in respect to one distinction there has been, I believe, a pretty general concurrence of sentiment. It is said that such statutes act upon the remedy, merely, and not upon the debt. This distinction is of long standing." In a note to *Lynbuy v. Weightman,* 5 Esp. 198, it is said that bankrupts and infants stand on different ground, in respect to debts from which they are discharged, from persons whose debts are barred by the statute of limitations, as that statute does not discharge the debt, but only takes away the remedy; and in the case of *Sturges v. Crowninshield,* 4 Wheat. 122, it was said by Chief Justice Marshall that the statutes of limitation are not within the well-known prohibitory clause of the United States constitution, because they act upon the remedy merely, and do not impair the obligation of the contract, and, further, it is unnecessary to refer to the numerous cases in our own courts in which the distinction is recognized. It is virtually included in the doctrine universally received and acted upon—that where there is a new promise to pay a debt barred by the statute, it is not necessary to count upon this as a new contract, but the action may be brought upon the original obligation. The operation of the statute upon the remedy being removed by the new promise, the parties are left in *statu quo.* (See, also, *Carshore v. Huyck,* 6 Barb. 583.) It follows, conclusively, that the debt in the case at bar is not extinguished,

nor is the lien of the mortgage impaired. In *McCormick v. Brown,* 36 Cal. 180, 95 Am. Dec. 170, cited by respondent, the court say: "The statute of limitations does not have the effect to extinguish a debt, nor raise a presumption of payment. It only bars the remedy, and thus becomes a statute of repose." Under our statutes, the statute of limitations is not sufficiently pleaded by this demurrer. Section 4213 of the Revised Statutes of Idaho is as follows: "In pleading the statute of limitations, it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of section —— (giving the number of the section, and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure." The statute of limitations not having been pleaded in the form required by the statute, the court might overrule the demurrer upon this ground alone; but as the statute might still be properly pleaded in the answer, which the court would doubtless permit the defendant to place on file, we think it proper to discuss the merits of the question, as if it had been properly pleaded.

In this case, as in others of like character, the subject matter of the action is the debt due the plaintiffs from the defendant, Leachman; and the mortgage, and the lien thereof, is a mere incident to the debt, and given to secure its payment. (*Borst v. Corey,* 15 N. Y. 509.) The complaint alleges that notes were given by the defendant, Leachman, to plaintiff Kelly, as stated above—one on December 15, 1885; one, May 14, 1886; one, November 6, 1887; one, October 15, 1889—in each of which notes was included the whole amount of interest then due upon the original debt. These notes were in writing. Were such notes a sufficient acknowledgment of the whole amount of the indebtedness to prevent the statute of limitations from running? Section 4078 of the Revised Statutes of Idaho is as follows: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing signed by the party to be charged thereby." In *Barron v. Kennedy,* 17 Cal. 577, the court say: "Part payment has always been held sufficient to take the debt on which it is made out of the statute. Unless accompanied at the

time with qualifying declarations or acts on the part of the party making the payment, it is deemed an unequivocal admission of a subsisting contract or liability, from which a jury is justified and bound to infer a new promise. The authorities are uniform to this point, and it matters not whether the payment be either upon the principal or interest of the debt," providing, always, that the promise is made in writing, signed by the party to be charged thereby. (2 Parsons on Contracts, 353; *Sigourney v. Drury,* 14 Pick. 391; *Whipple v. Stevens,* 22 N. H. 227; *Parsonage Fund v. Osgood,* 21 Me. 179; *Sanford v. Hayes,* 19 Conn. 597; *Bradfield v. Tupper,* 7 Eng. L. & Eq. 541.) "And there is nothing in section 4078 of our statute which alters this well-settled rule. This section does not purport to make any change in the effect of acknowledgments or promises, but simply to alter the mode of their proof, and is directed—principally, at least—against the admission of oral acknowledgments and promises." (*Barron v. Kennedy, supra; Fairbanks v. Dawson,* 9 Cal. 89.) In *Reed v. Smith,* 1 Idaho, 535, the court (Hollister, J.) says: "The conclusion, therefore, at which we have arrived from these authorities, and the act itself, is that the acknowledgment or promise to pay a debt which would otherwise be barred by the act of limitations must be in writing, signed by the party sought to be charged thereby, whether in cases where the time for commencing action on the original debt had not expired when the acknowledgment or promise was made, as in those cases where the statute had already run." This case puts the acknowledgment or promise, when made before the statute has fully run, upon the same footing as where such acknowledgment was made after the limitation had run. Mr. Angell, in his treatise on Limitations of Actions, after fully considering the English cases, and those decided in many of the states of the United States, declares: "The law, then, as now fully established, both in England and in this country, clearly is: 1. That a debt barred by the statute of limitations may be revived by a new promise; 2. That such new promise may either be an express promise or an implied one; 3. That the latter is created by a clear and unqualified acknowledgment of the debt." (Angell on Limitations of Actions, 240; *Biddle v. Brizzolara,* 56 Cal. 374.) This cause holds that the writing

must contain "an acknowledgment of the debt as an existing debt, from which a present promise may be inferred." A promissory note executed by the defendant to the creditor (the plaintiff) for the full amount of the interest due on a pre-existing debt is certainly an unqualified acknowledgment of the debt, as an existing debt, from which a present promise may be inferred. Therefore, etc. (*Biddle v. Brizzolara,* 64 Cal. 354, 30 Pac. 609.) "Upon a general acknowledgment, where nothing is said to prevent it, a general promise to pay may and ought to be implied." (*Wilcox v. Williams,* 5 Nev. 218.) In the case of *Biddle v. Brizzolara, supra,* the new promise to pay the mortgage was made by Austin Roberts, a third person, to Bartolo Brizzolara, and was not a promise either by the original debtor, nor was it made to the creditor, Biddle; and it was upon this ground that it was held not to be sufficient to remove the bar of the statute. (See *Biddle v. Brizzolara,* 56 Cal. 382.) In the case of *Barron v. Kennedy, supra,* the payment of the interest due upon the debt, accompanied by a letter stating that "the checks were in payment of the interest due on the loan for the months of May and June, 1859," was held a sufficient acknowledgment of the existence of the original debt. This case, therefore, holds that payments of the interest due, in a check signed by the party, removed the bar. *McCormick v. Brown, supra,* is quoted as stating that where a new promise is relied on the action must be brought upon the new promise, and that the new contract sued on must have been made when the old contract was a subsisting liability. Neither statement is precisely correct. The language of the court referred to is: "When the creditor sues after the statute has run upon the original contract, his cause of action is not the original contract, for his action thereupon is barred, but it is on the new promise." The language is without meaning as it stands, and is a mistake either in the print or in the opinion. All cases where the statute of limitations is pleaded are necessarily those commenced after the statute has run on the original contract. What is evidently intended is to say that where suit is commenced, founded upon an acknowledgment or promise made after the statute has run upon the original debt, the case must be brought on the new promise—a doctrine in which we cannot

concur without conditions and limitations; but that this is what is meant is abundantly shown by a paragraph appearing before this one, in the same opinion as follows: "There are two ultimate facts that may be proved in the mode prescribed—a continuing contract, and a new contract. The acknowledgment or promise made while the contract is a subsisting liability establishes a continuing contract"—that is, continues in force the original contract—"and, when made after the bar of the statute, a new contract is created." In the case at bar no difficulty arises, or can arise, in regard to this, as all the promissory notes which it is claimed were given in part for interest on the original debt were given before the statute had fully run on the original debt, and therefore prevented the statute from running against the original debt; in other words, the statute only commences to run after the last promise, in writing, to pay the interest on the whole debt. In _Kincaid v. Archibald,_ 73 N. Y. 189, on the 1st of January, 1861, defendant was indebted to plaintiff, in the sum of $1,600, for money loaned. Nothing was paid thereon except the sum of $200, paid January, 1866. In August, 1872, defendant signed and delivered to plaintiff a writing without date, in these words: "Received January, 1861, from Mrs. J. R. Kincaid, the sum of $1,600, for which I agree to pay interest at the rate of seven per cent from this date. Paid January, 1866, to Mrs. Kincaid, on the above, $200." In the above case it was held that parol evidence was competent to show when this instrument was executed; that it was a sufficient acknowledgment to take the case out of the statute; that the promise to pay interest clearly implies that the transaction was a loan; that the promise to pay interest imported an existing debt, upon which interest was to accrue, and the statement as to payment of interest was an admission that the balance was unpaid; also, that interest "from this date" referred to the date of the loan. In the above case, parol proof was admitted to prove the date of making the promise, and held properly so admitted. _Hartley v. Wharton,_ 11 Ad. & E. 934, was an action for goods sold and delivered by plaintiff to defendant while he was a minor. Defendant pleaded infancy. Plaintiff produced a paper signed by defendant, having no address or date, as follows: "Sir: I am sorry to give you so much trouble in calling,

but I am not prepared for you, but will, without neglect, remit you in a short time." Contracts during infancy, to be binding, require a promise or ratification of the contract after maturity, made by some writing signed by the party to be charged therewith. It was held that parol proof was admissible to show both that the paper was executed and given to plaintiff by defendant after he became of age, and that it related to the debt in suit; so that in this case it was held that the paper making the acknowledgment being in writing, and signed by the party to be charged, parol testimony was admissible to show the date and identity of the debt acknowledged. In *McCormick v. Brown,* *supra,* the promise was to pay the debt upon conditions, which proposition was not accepted by the creditor, and the conditions not complied with; and it was upon these grounds that the promise or acknowledgment was held not to be sufficient to remove the bar.

From all these cases and many others examined it clearly appears that a promise, in writing, signed by the party to be charged thereby, to pay the interest due upon the whole debt, was an unequivocal acknowledgment of the whole debt, from which a promise to pay the same may and ought to be implied; that the identity of the sum included in the promissory note, with the interest on the existing debt, and that it was given for such interest, may be proven by parol testimony. From this statement of the principle, it is clear that the complaint in the case at bar is sufficient to maintain the action. The decision of the district court is reversed, and the cause remanded for trial in accordance with this opinion, with costs of appeal awarded to appellants.

Huston, C. J., and Sullivan, J., concur.